May it please the Court, I'm Victor Halton, Counsel for Kenneth Moyer. I represented Mr. Moyer in the District Court in 2254 proceedings. In a California criminal case where the prosecution relies on accomplice testimony to support a conviction, a California trial court is required by Penal Code Section 1111 to instruct the jury as to certain requirements. One, the jury, if there's a factual question raised as to whether or not a witness is an accomplice, the trial court is required to direct the jury to make that factual determination. Then the trial court is required to instruct the jury to view with distrust the testimony of any accomplice witness. Thirdly, and most importantly here, a trial court in California is required by law to instruct the jury that the testimony of an accomplice alone cannot support a criminal conviction, but rather that that testimony must be corroborated. Now, that requirement is a constitutional requirement. It's not a constitutional requirement in the sense that the district's … It's not in the state constitution. No. No, Your Honor. It's not in the state constitution, and it's not independently in the Federal Constitution. And, in fact, the Federal law says that one does not need corroboration, correct? That's correct. So we're really saying, in your view, that even though not in the California state constitution and even though not required in the Federal constitution, it's so ingrained in the state law that it needs to be given. Yes, Your Honor. It's a barrier that the California legislature has enacted or has erected. A California prosecutor cannot get a conviction in an accomplice case unless that accomplice's testimony is corroborated. It is the functional equivalent of an element. So we're really looking here to suggest, was it corroborated at all? That's one way. Or that the uncorroborated testimony is incredible or insubstantial on its face. Isn't that our inquiry? Well, the district … I mean, that's what Loboa v. Calderon suggests, our case, that we've either got to have uncorroborated testimony. The jury instruction wasn't given, so we know that wasn't there for the jury to look at. So we either have to have uncorroborated testimony or that it's incredible or insubstantial on its face. Isn't that what Loboa says? That is what you're accurately summarizing the case. I don't know if that's necessarily the sole way that we have to look at this or that it's the most direct way to look at the question. I think that the most direct way, if we're getting to … Well, I mean, we can go on the other laws that we've held. Failure to comply with a state rule of evidence is not a federal constitutional violation at all. Or we can go under other types of law. I'm giving you the best effort that I can come up with under our own precedent and the Supreme Court's precedent, the best I can do, because we're under ad hoc, correct? Exactly, Your Honor. So I'm giving you the best I can. I've either got to find it's uncorroborated or I've got to find that it was incredible or insubstantial on its face. I'm not contending that the – first of all, factually, the testimony in question here was from Mitch McLeese. I understand. I'm not contending that his testimony was incredible on its face. It's plausible. The prosecutor characterized Mitch McLeese's testimony as his strongest evidence in this case. Well, if it is that way, then if I look at LABOA, it says, because testimony was neither incredible nor insubstantial on its face, and because Section 111 is a state rule, habeas will not lie. Your Honor, my position in this case is that because the law, because the Constitution requires a state to play by its own rules, to offer corroborating evidence in a case in which it relies upon the testimony of an accomplice witness, that this Court, in order to evaluate the testimony of – Well, what's the strongest authority for that? Your position is that if the state violates its own law, that it is a due process violation at some point because the law is so clear or something like that. The answer to your question is Dubois v. Lockhart, which is cited both in my opening brief and in my reply brief. That's an Eighth Circuit case that involved exactly this issue. In that case, the state relied on accomplice testimony. The Arkansas Supreme Court in that case held that this evidence was insufficient as a matter of law because the – it was uncorroborated accomplice testimony. Yes, the – Well, you got the right guy here because we got the Arkansas guys again. But as I read Dubois v. Lockhart, it says the issue is not whether the corroborated accomplice testimony is an element of the crime, which it seems to me you're arguing, but whether it affects the proof required for conviction. So in that particular matter, we're looking at whether, based on all the proof there, he's still guilty beyond a reasonable doubt. I agree with you. That's the language from Dubois. And, I mean, to me, I use the term functional equivalent of an element, and you just quoted the language from Dubois. I think they're essentially saying the same thing, Your Honor. It's that the state there, Arkansas, here, California, has a statutory requirement that the prosecution did not comply with in its case. So – But the trial court in Arkansas didn't offer any – I mean, there was no corroborating evidence in the trial in Arkansas, was there? Wasn't that – Listen well. He's from there. Whether it was none or deemed legally insufficient, that was the ultimate holding by the Arkansas Supreme Court. And then that case went all the way up to the U.S. Supreme Court. Then the question was whether it could be retried, and ultimately the Eighth Circuit said no, it cannot be retried, because the holding of the Arkansas Supreme Court was a holding that the evidence was insufficient as a matter of law. But here, in our case, there was substantial evidence of corroboration that was credible, wasn't there? There is corroborating evidence. The life insurance policy having been purchased on the same day as the death that was – but then there is evidence – The blood found in the grout. The blood found in the grout. The death caused by the chokehold. Well, that, Your Honor, I think is a bit of a stretch. I mean, the evidence – The plaintiff learning of the investigation the day before the murder. The – there is corroborating evidence. I'm not here to dispute that. The insurance policy becoming effective on the day of the murder. Yes. That's a bad fact from my – The plaintiff attempting to have the person give a false statement. The ongoing sexual relationship with another. The signature on the forged – signature being forged on the two checks. Right. The accomplice possessing and selling the van and keeping the money. We have corroborating evidence. We have a lot of evidence. And in this case, the jury was told the accomplice was convicted of murder, correct? The accomplice himself acknowledged he had previously been convicted of first-degree murder. Of the same murder. Yes. And they also were told that the accomplice and Ross had criminal backgrounds. The accomplice – well, he had the criminal background because of his first-degree murder conviction in this case and Ross. And they also were told that the accomplice lied to the police. I believe that that is accurate as well, Your Honor. And they also were told, or in other words, we know under the federal rules of evidence that convictions are considered in determining credibility. Yes. And with all of that, you suggest this fits the due process violation. Your Honor, I have very little time left. No jury has ever passed on that question. This is – here we are in an appellate tribunal. This appellate tribunal can look at that and say, gee, that looks like pretty darn compelling corroborative evidence. But this is not the right fact finder to make that call. It was never presented to a jury. That violated Mr. Moyer's Sixth Amendment rights not to have the jury make the assessment of whether that constituted sufficient corroborating evidence. And, unfortunately, I have three seconds left, so I'll have to submit it. Then we're back to State law.   Good morning, Your Honor. If it please the Court, David Rhodes for the people. I think the Court is clear that the application of Section 1111 is a State court rule. It doesn't present a constitutional question either under the California or the Federal Constitution. The only way you get to a constitutional question here is under the case of Dubois. That's your only avenue possible. As the Court observed, Dubois presented a very different situation. In Dubois, the prosecution presented absolutely no corroborating evidence. Now, once you've presented that evidence, it's analogous to a sufficiency of evidence situation where when it has been presented, the prosecution has fulfilled that obligation. So then you're back to, you know, weighing of that evidence, which is the statutory provision, which is a matter of State law. So I think this case clearly does not present a Federal question. Substantial corroborating evidence was presented. As the Court just listed, I don't think I need to go through it all again. The corroborating evidence was substantial, significant, and damning. And on top of it all, you also had the testimony of the other accomplice that he tried to get to murder her the first time, but he couldn't get out of jail in time. So I think to sum up, the jury did receive the standard credibility instructions, including on prior felony convictions. They knew the history of MacLeese. They knew he'd been convicted of the murder already. And defense counsel thoroughly impeached MacLeese on the stand. So what you have is because of the corroborating evidence, Dubois does not apply. Any omission was not prejudicial in terms of his attorney's performance. And there's no way that the omission could have had a substantial or injurious effect on the verdict. So unless the Court has any questions, I'm ready to submit the case. Don't appear to be any. Thank you. Thank you. The matter just argued is submitted for decision.
judges: Moody, Schroeder, Smith N. R.